THE ALUMINUM COOKING UTENSIL COMPANY v. CHASTAIN.

Opinion delivered May 4, 1914.

GUARANTY—LIMITED LIABILITY AS TO TIME.—Where no time limit is fixed by a contract of guaranty, and nothing in the instrument indicates a continuing of the undertaking, the presumption is in favor of a limited liability as to time.

Appeal from Jackson Circuit Court; *R. E. Jeffery,* Judge; affirmed in part and reversed in part.

*James H. Johnston* and *Ira J. Mack,* for appellant.

1.  The statements of the accounts sued on and made a part of the complaint having been duly verified, and appellees having failed to deny the correctness of the same under oath, appellant was entitled to judgment under the statute. Kirby's Dig., § 3151.

The verdict of the jury is wholly without evidence to support it.

2.  The liability of T. B. and C. H. Chastain under the obligation signed by them is primary and direct, an unqualified promise to pay for all goods ordered by I. W. Chastain, and not paid for by him. It is rather an original undertaking of a contract of suretyship, than a strict or collateral guaranty. Pingrey, Suretyship and Guaranty (2 ed.), § § 2-4; *Id.,* § 348; *Id.,* § 355; 59 Ark. 86; 71 Ark. 585-588; 105 Ark. 443. It was not limited as to time, but as to amount, and shows it was intended to cover a course of future dealings, and was, therefore, a continuing suretyship or guaranty. 74 Ark. 241-246; 20 Cyc. 1439, 1440, and cases cited.

*Jones & Campbell,* for appellees.

The guaranty was in force only during the existence of the contract under which I. W. Chastain was then working, and could not be construed to continue over succeeding years and cover different contracts.

McCULLOCH, C. J.   Appellant is a Pennsylvania corporation, doing business at New Kensington, in that State, and at East St. Louis, in Illinois, and instituted this action in the circuit court of Jackson County to re-

cover the amount alleged to be due on account for goods sold under contract to appellee I. W. Chastain. Appellees T. B. Chastain and C. H. Chastain are also sued as alleged guarantors of the account. The case was tried before a jury and resulted in a verdict in favor of appellees.

The suit is upon two accounts, namely, one for a balance of $135.26 on an account for goods shipped from New Kensington, and the other for the sum of $308.31, balance on an account for goods shipped from East St. Louis. Separate accounts are exhibited with the complaint. The first account named above covers shipments beginning February 1, 1911, and ending May 11, of the same year; and the second account covers shipments from May 25, 1911, to May 24, 1912.

The undisputed evidence shows that in May, 1911, the dealings between appellant and appellee I. W. Chastain were transferred to the East St. Louis office, but the account for balance due was not transferred.

The appellees answered, denying that there was any balance due on the accounts, and pleaded payment in full of the accounts for goods shipped.

The answers of T. B. Chastain and C. H. Chastain contained a denial that the contract of guaranty entered into by them constituted a continuing one, or that it covered the accounts sued on.

The answers of all the appellees also set forth other defenses unnecessary to mention at this time.

In the trial of the case the court eliminated all defenses set forth by appellees except the question of payment of the accounts, and submitted that question to the jury.

It is earnestly insisted by counsel for appellant that there is no testimony of a substantial character sufficient. to sustain the finding that the accounts were paid. They insist that the only statement in the testimony of appellee I. W. Chastain, who was the only witness that testified on his side concerning the payment of the accounts, is a general one, which amounts only to a statement of a

conclusion, and is insufficient to sustain the verdict that the accounts were paid.

There were two accounts exhibited, as above stated, one covering shipments from the New Kensington establishment, and the other from the East St. Louis branch, and an examination of the testimony of appellee I. W. Chastain discloses the fact that his testimony relates entirely to the East St. Louis account. Even as to that account his statements about payment are very vague and far from satisfactory; but we have concluded that his testimony as to that account is sufficient to warrant the jury in finding that the whole of that account was paid. We can not, at least, say that there is no substantial testimony to that effect.

We find, however, that there is an entire absence of any testimony which would tend to sustain the finding that the balance due on the New Kensington account has been paid. Appellee I. W. Chastain does not refer to that account in his testimony, and appellant adduced testimony, which is undisputed, that the items were correct and that the balance set forth in the account was unpaid. Our conclusion, therefore, is that the jury were not warranted in finding for the defendant on that part of the account, and as appellees had an opportunity to fully develop their case, our conclusion calls for a judgment in favor of appellant for the amount of that balance.

This brings up the question of the correctness of the court's ruling in holding that the contract of guaranty executed by appellees T. B. and C. B. Chastain was a continuing one. I. W. Chastain was a salesman for appellant under written contract, which specified the territory and the terms. The contract specified the beginning and end of the period of the contract. It also provided that the salesman should be personally responsible for the payment of all goods included in orders sent in by him, and permitted the salesman, at the end of his canvass under the contract, to return to appellant accounts amounting in the aggregate to not more than twenty dollars, and that the latter would relieve the salesman from

responsibility for payment of the same by the purchasers. It also provided that the salesman should, within one month after the termination of the contract, send his order books and list of customers into appellant's office. At the time the contract of guaranty was entered into, I. W. Chastain was working under a contract covering the period from January 3, 1910, to July 15, 1910. The contract of guaranty, in the form of a letter signed by the two guarantors, reads as follows:

"In consideration of your having taken into your employ I. W. Chastain, Stuttgart, Arkansas, I hereby guarantee his account and agree to pay for all goods ordered of you and not paid for by him, my liability not to exceed five hundred dollars."

New contracts were entered into between I. W. Chastain and appellant from time to time, the next contract covering the period from December 12, 1910, to December 31, 1911.

It will be seen from the foregoing statement that none of the accounts accrued under the contract of employment in existence at the time of the execution of the guaranty, the whole of the account having been incurred during the period covered by the next contract, which was a renewal of the one then in existence.

There was no renewal of the contract of guaranty, and the question which arises is whether or not the contract continued during the whole period of the renewal contracts of employment.

It is clear from the language of the contract that it operated as a guaranty for the amount of $500, and continued as such guaranty up to that amount for the period it was intended to cover. The language of the contract does not specify in express terms the period the same was to cover, but it is evident therefrom that it related to the contract of employment then in existence.

The subsequent contracts were not strictly renewals, because they covered different periods of time and different territories.

In *First National Bank* v. *Waddell,* 74 Ark. 241, we quoted with approval the following language of the New York court:

"Where, by the terms of the guaranty, it is evident the object is to give a standing credit to the principal, to be used from time to time, either indefinitely or until a certain period, there the liability is continuing; but where no time is fixed, and nothing in the instrument indicates a continuance of the undertaking, the presumption is in favor of a limited liability as to time, whether the amount is limited or not. *Fellows* v. *Prentiss,* 3 Den. 512."

The principle there announced is, we think, the correct one, and it controls in this case. There being no specified time, the presumption is against an indefinite continuance. There is, as said by Mr. Brandt in his work on Suretyship and Guaranty, no general rule for determining whether the guaranty is a continuing one or not, each case depending upon the particular language used in the contract.

We think that a fair interpretation of the contract involved in this action limits its application, so far as concerns the time, to the contract of employment then in existence between appellant and I. W. Chastain. The contract recited the fact of appellant having taken I. W. Chastain into employment, and this necessarily referred to the contract of employment then in existence, the term of which ended at a certain time by express stipulation specified in the contract. It would require stronger language to make the guaranty applicable to another contract of employment covering a different period of time and different territory for its operation.

We are, therefore, of the opinion that the court was in error in holding that the contract of guaranty covered the accounts in suit, and there should have been a peremptory instruction in favor of the guarantors on that issue.

Without discussing the other defenses set forth, we deem it sufficient to say that the court was correct in holding that they were untenable.

The judgment, so far as it exonerates the guarantors from liability, is affirmed, but the judgment in favor of appellee I. W. Chastain is reversed and judgment against him will be rendered here in favor of appellant for the amount of the New Kensington account, $135.26, with interest from the average date of maturity, which is May 1, 1911. It is so ordered.